UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
JARED M. BAILEY,

        Case No.: 1:22-cv-00744-LJV

          Plaintiff,

        **ANSWER AND JURY
DEMAND**

     – against –

MOHAMMED R. RAHMAN, AMERICAN NATIONAL
RED CROSS, and ELEMENT FLEET CORPORATION,

         Defendants.
------------------------------------------------------------------------- X

     Defendant, MOHAMMED R. RAHMAN, by and through his attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for his Answer to plaintiff's Complaint, alleges upon information and belief as follows:

1. Denies for lack of knowledge or information to sufficiently form a belief about the truth of each and every allegation set forth in paragraph "1" of the complaint.

2. Denies each and every allegation set forth in paragraph "2" of the complaint.

3. Denies each and every allegation set forth in paragraph "3" of the complaint except admits that American National Red Cross was and is a not-for-profit corporation organized and existing by virtue of an Act of the United States Congress with headquarters located in Washington D.C.

4. Denies for lack of knowledge or information to sufficiently form a belief about the truth of each and every allegation set forth in paragraph "4" of the complaint.

5. Denies each and every allegation set forth in paragraph "5" of the complaint except admits that on March 14, 2022, Mohammed R. Rahman was operating a 2018 Dodge ram registered in the State of New York.

6.  Denies for lack of knowledge or information to sufficiently form a belief about the truth of each and every allegation set forth in paragraph "6" of the complaint

7.  Denies for lack of knowledge or information to sufficiently form a belief about the truth of each and every allegation set forth in paragraph "7" of the complaint.

8.  Denies for lack of knowledge or information to sufficiently form a belief about the truth of each and every allegation set forth in paragraph "8" of the complaint.

9.  Denies each and every allegation set forth in paragraph "9" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

10. In response to the paragraph numbered "10" of plaintiff's Complaint, answering defendant repeats and reiterates each and every answer to plaintiff's allegations contained in paragraphs numbered "1" through "9" as set forth above.

11. Denies each and every allegation set forth in paragraph "11" of the complaint except admits that on March 14, 2022, Mohammed R. Rahman was operating a 2018 Dodge ram registered to and leased by American National Red Cross from D.L. Peterson Trust.

12. Denies each and every allegation set forth in paragraph "12" of the complaint.

13. Denies each and every allegation set forth in paragraph "13" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

14. Denies each and every allegation set forth in paragraph "14" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

275697108v.1

15. Denies each and every allegation set forth in paragraph "15" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

16. Denies each and every allegation set forth in paragraph "16" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

17. Denies each and every allegation set forth in paragraph "17" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

18. In response to the paragraph numbered "18" of plaintiff's Complaint, answering defendant repeats and reiterates each and every answer to plaintiff's allegations contained in paragraphs numbered "1" through "17" as set forth above.

19. Denies each and every allegation set forth in paragraph "19" of the complaint except admits that on March 14, 2022, Mohammed R. Rahman was an employee of American National Red Cross.

20. Denies each and every allegation set forth in paragraph "20" of the complaint except admits that on March 14, 2022, Mohammed R. Rahman was operating a 2018 Dodge ram while in the scope of his employment with American National Red Cross.

21. Denies each and every allegation set forth in paragraph "21" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

275697108v.1

22. Denies each and every allegation set forth in paragraph "22" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

23. Denies each and every allegation set forth in paragraph "23" of the complaint and respectfully refers all questions of law, fact or conclusions raised therein to be determined by the Court and/or the fact-finder.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff.  The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct is attributable to plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against the defendant, said verdict or judgment must be reduced pursuant to CPLR 4545(c) or any similar Federal Rule by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

## AS AND FOR A FOURTH FFIRMATIVE DEFENSE

If and in the event defendant is found to be liable to the plaintiff, and defendant's liability is 50% or less, then defendant's liability is subject to the provisions of the CPLR Article 16 or any similar Federal Rule.

275697108v.1

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some unidentified third person or persons over whom answering defendant exercised no control.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

All of the hazards and risks incident to the circumstances alleged in the Complaint were open, obvious, and apparent, and were voluntarily assumed by the plaintiff.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the Complaint.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

While the defendant denies the plaintiff's allegations of negligence, liability, statutory liability, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties over which the defendant neither had control nor had the right to control, and for which acts or omissions this defendant is not legally responsible.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

The defendant were not negligent and acted reasonably and prudently based upon the spontaneous, unavoidable, sudden, unexpected and/or emergency circumstances presented.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

The defendant reserves the right to claim limitations of liability provided pursuant to General Obligations Law § 15-108 or any similar Federal Rule.

275697108v.1

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

This lawsuit may not be maintained pursuant to §§5102 and 5104 of the New York Insurance Law based upon plaintiff's failure to sustain a serious injury within the meaning of the statute.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to utilize appropriate and available seatbelt restraints. Such failure is pleaded as both a complete and partial defense as well as in mitigation of any and all damages. In failing to exercise ordinary care in making use of available seatbelt restraints, plaintiff acted unreasonably and disregarded plaintiff's own best interests.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff did sustain an economic loss in excess of "basic economic loss" as defined in § 5102(a) of the Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions of Article 51 of the Insurance Law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the injuries and damages alleged were caused by plaintiff's comparative negligence, contributory negligence, and/or culpable conduct. To the extent that plaintiff's own culpable conduct was the sole proximate cause of the occurrence alleged, this action is barred.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to seek prompt, adequate, and proper medical care.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's alleged damages were caused by pre-existing medical and health conditions.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The action against this answering defendant is barred by the amended Federal Transportation Law enacted on August 10, 2005 (49 U.S.C. §30106), commonly known as the "Graves Amendment."

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement and/or amend this pleading, to assert additional defenses and/or claims.

**WHEREFORE**, defendant, MOHAMMED R. RAHMAN, demands judgment against the plaintiff dismissing the Complaint herein, together with the costs and disbursements of this action.

In addition, defendant, MOHAMMED R. RAHMAN, hereby demand a trial by jury of each and every issue that is triable by a jury insofar as they are alleged against the Defendant in the above-entitled action

Dated:      White Plains, New York
            November 23, 2022

                                    Truly Yours,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:  _____
                         Lindsay J. Kalick
                         Attorneys for Defendants
                         MOHAMMED R. RAHMAN, AMERICAN
                         NATIONAL RED CROSS AND
                         ELEMENT FLEET CORPORATION
                         1133 Westchester Avenue
                         White Plains, NY 10604
                         Lindsay.kalick@wilsonelser.com
                         (914) 872-7696
                         File No. 19178.00032

275697108v.1

TO:   WILLIAM MATTAR, P.C.
        Attorneys for Plaintiff
        JARED M. BAILEY
        6720 Main Street, Suite 100
        Williamsville, NY 14221-5986
        (716) 633-3535

275697108v.1